UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT WEISSMAN *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK., <br><br> *Defendant*. | Civil Action No. 20-cv-28 (TJK) |

### MEMORANDUM OPINION

Robert Weissman and Patrick Llewellyn occasionally ride the rails on Amtrak and expect to do so again. But they want to do so without agreeing to a mandatory arbitration provision in Amtrak's terms of service. So they sued, alleging that the provision is unconstitutional and unlawful in several ways. Amtrak moved to dismiss for lack of standing under Rule 12(b)(1), arguing that Plaintiffs have not plausibly alleged that they suffered an actual or imminent injury in fact. Plaintiffs cross-moved for summary judgment, countering that Amtrak injured them by depriving them of the ability to purchase rail tickets without waiving their right to a judicial forum to resolve any dispute that might arise—even though they have no claim to arbitrate and Amtrak has not invoked the arbitration provision against them. The Court concludes that their alleged injury is too speculative to sustain their suit. Thus, it will grant Amtrak's motion and dismiss the case.

### I.  Background

Defendant National Railroad Passenger Corporation ("Amtrak") provides rail travel to passengers across the United States. *See* ECF No. 1 ("Compl.") ¶ 17. Congress established Amtrak under the Rail Passenger Service Act of 1970, Pub. L. No. 91-518 § 301, 84 Stat. 1327,

1330, as a for-profit corporation, but the federal government owns the controlling majority of its stock.  *Id.* ¶¶ 12–13, 15.

Amtrak added an arbitration provision to its ticket purchase agreement around January 2019.  *See id.* ¶ 18.  The provision states that anyone who purchases or uses a ticket agrees to submit "past, present, or future" claims against Amtrak to binding arbitration instead of a court of law.  *Id.* ¶ 19; *see id.* ¶¶ 20–22.  It also includes a class-action waiver.  *Id.* ¶ 23.

Weissman and Llewellyn sued in January 2020, seeking declaratory and injunctive relief to force Amtrak to remove the arbitration provision.  *See* Compl. at 12.  According to their complaint, they live in Washington, D.C. and sometimes take Amtrak trains to New York City for work, including as recently as August 2019.  *Id.* ¶¶ 7, 9.  They anticipate traveling by rail again in 2020 and want to do so without being subject to Amtrak's arbitration provision.  *Id.* ¶¶ 8, 10.  Even so, they do not allege that they have a claim the provision prevents them from raising in court.  Rather, they allege that Amtrak exceeded its statutory authority by including the arbitration provision in its terms of service, and that it is unconstitutional because it violates the Petition Clause of the First Amendment, separation of powers principles, and "Article III by compelling plaintiffs to waive their right to adjudication of disputes against Amtrak in an Article III court," *id.* ¶ 41.  *See id.* ¶¶ 31, 35, 45.

Amtrak moved to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  *See* ECF No. 9-1 ("MTD") at 6.  Amtrak argues that Plaintiffs have failed to plausibly allege an injury sufficient to confer standing.  *See id.*  Plaintiffs opposed Amtrak's motion and cross-moved for summary judgment, arguing in part that they have standing because their "inability to obtain travel on Amtrak without [the arbitration provision] is a concrete, particularized, and actual or imminent injury."

2

ECF No. 10 ("P's Opp'n/MSJ") at 11.  Amtrak opposed Plaintiffs' cross-motion and replied in support of its motion to dismiss, *see* ECF No. 13 ("D's Opp'n/Reply"), and Plaintiffs replied, *see* ECF No. 15 ("P's Reply").

**II.     Legal Standard**

As the party invoking federal jurisdiction, a plaintiff has the burden of showing standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  To survive a Rule 12(b)(1) motion to dismiss for lack of standing, a plaintiff must plausibly allege that he suffered (1) an injury in fact (2) fairly traceable to the defendant's actions (3) that is likely to be redressed by a favorable decision.  *Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016).  An injury in fact requires a "an invasion of a legally protected interest" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).  A plaintiff seeking prospective declaratory and injunctive relief must establish "an ongoing or future injury that is certainly impending," *Williams*, 819 F.3d at 472 (cleaned up), which "ensure[s] that the alleged injury is not too speculative for Article III purposes," *Lujan*, 504 U.S. at 564 n.2.  "Allegations of possible future injury" are insufficient.  *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

A court evaluating a Rule 12(b)(1) motion "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citation omitted).  But the court need not accept the plaintiff's legal conclusions or the inferences he draws "if [they] are unsupported by facts alleged in the complaint."  *Williams v. Wilkie*, 320 F. Supp. 3d 191, 195 (D.D.C. 2018).

**III.     Analysis**

Plaintiffs have not plausibly alleged an actual or imminent injury in fact—their first standing hurdle—because they do not allege that Amtrak either has enforced or will likely enforce the arbitration provision against them.[1]  That is not surprising because, as they concede, they have no claim to arbitrate; they only have a theoretical gripe with the arbitration provision itself.  Thus, the arbitration provision—whatever its legality—has not concretely injured them, nor is a "future injury . . . certainly impending," *Williams*, 819 F.3d at 472.  For the arbitration provision to cause a justiciable injury here, one of the plaintiffs would have to (1) decide to travel, (2) select Amtrak over other modes of transportation, (3) identify an actionable claim arising from his travel, and (4) face Amtrak's enforcement or threatened enforcement of the arbitration provision.  That chain of events is too much to bear to confer standing—any harm they might suffer from the allegedly unlawful arbitration provision is merely a "possible future injury," *Whitmore*, 495 U.S. at 158, and "too speculative for Article III purposes," *Lujan*, 504 U.S. at 564 n.2.

For this reason, courts have consistently "deemed a challenge to an arbitration provision, in the absence of an underlying dispute or imminent injury, to be nonjusticiable."  *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 283 (4th Cir. 2008); *see, e.g.*, *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) ("There is at most a 'perhaps' or 'maybe' chance that the arbitration agreement will be enforced against these plaintiffs in the future, and that is not enough to give them standing to challenge its enforceability.").[2]  In *Ruckelshaus v.*

---

[1] Because Plaintiffs fail to plausibly allege an injury in fact, the Court need not address causation or redressability.

[2] Plaintiffs argue that *Jones*, 301 F. App'x at 283, and other cases dismissing pre-arbitration suits for lack of standing are distinguishable because they dealt with "existing" arbitration agreements

4

*Monsanto Co.*, 467 U.S. 986 (1984), the Supreme Court held that only after arbitration "will [the plaintiff's] claims with respect to the constitutionality of the arbitration scheme become ripe." *Id.* at 1020 (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 81 (1978)).³ Whether discussed in terms of "ripeness" or "standing," the doctrines "boil down to the same question" and "originate in the same Article III limitation," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014) (citation omitted), that courts can only adjudicate "Cases" and "Controversies," U.S. Const. art III § 2. That limitation deprives the Court of subject-matter jurisdiction over Plaintiffs' suit.

In response, Plaintiffs argue that their "inability to purchase Amtrak tickets without acquiescing to the arbitration condition," P's Reply at 5, is an injury in fact, citing cases brought under the Administrative Procedure Act that permit "consumers of a product to challenge agency action that prevented the consumers from purchasing a desired product," *Coal. for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275, 1281 (D.C. Cir. 2012). *See* P's Opp'n/MSJ at 11. That line of

---

with the plaintiffs, while Plaintiffs here assert they are not subject to Amtrak's arbitration provision until they ride another Amtrak train. *See* P's Opp'n/MSJ at 14–15; P's Reply at 6. Even assuming that is so, that distinction makes Plaintiffs' alleged injury even *more* speculative than the one in *Jones*, because it requires at least one more contingent event to occur before they could suffer a purported injury caused by the arbitration provision.

³ Plaintiffs try to distinguish *Ruckelshaus* because the purportedly unconstitutional arbitration procedure there was a statutory "exhaustion requirement . . . to a Tucker Act claim," while Amtrak's arbitration procedure acts a "substitute for a lawsuit." P's Reply at 4 (quoting *Ruckelshaus*, 467 U.S. at 1018). But the Court's ripeness holding was not limited to the statute or exhaustion requirement at issue there. *Cf. Lee v. Am. Express Travel Related Servs., Inc.*, 348 F. App'x 205, 207 (9th Cir. 2009) (citing *Ruckelshaus*, 467 U.S. at 1019–20); *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 283 (4th Cir. 2008) (same). The Court found the suit unripe because the plaintiff "had [not] been injured [yet] by actual arbitration," *Ruckelshaus*, 467 U.S. at 1019, a scenario that it contrasted with a case finding "standing to challenge the constitutionality of" a different act, *Duke Power Co.*, 438 U.S. at 81. *See Ruckelshaus*, 467 U.S. at 1020. Likewise here, Plaintiffs have yet to be injured by an arbitration—in fact, they have not plausibly alleged that they will have to arbitrate *anything*, so an arbitration is hardly "certainly impending," *Williams*, 819 F.3d at 472.

5

cases has no bearing here.  Even if Amtrak—a "government-created" and "government-controlled" "for-profit corporation," Compl. ¶¶ 3–4—is an "agency" for standing purposes, *but see* MTD at 17–19; D's Opp'n/Reply at 5–6, 14–16, Amtrak has not prevented Plaintiffs from purchasing a desired product.  The "product" that Plaintiffs seek is travel by rail, and Plaintiffs do not allege that Amtrak's arbitration provision has made it "unreasonably priced," *Coal. For Mercury-Free Drugs*, 671 F.3d at 1282, "not readily available," *id.*, or that the provision otherwise altogether prevented Plaintiffs from riding Amtrak.  Indeed, while Plaintiffs argue that the arbitration provision deters them from doing so, P's Opp'n/MSJ at 13, Weissman rode an Amtrak train even *after* Amtrak added the arbitration clause to its service contract, *see* Compl. ¶¶ 7, 18.

Plaintiffs insist that the product they want is not just rail travel, but "rail travel not subject to terms requiring arbitration."  P's Opp'n/MSJ at 12.  But as Amtrak puts it, standing based on such an "idiosyncratic definition of a 'desired product' . . . would obviate the entire injury-in-fact analysis."  D's Opp'n/Reply at 6.  Plaintiffs offer no limiting principle preventing their theory of injury from applying against all manner of private companies in the marketplace, permitting any consumer to challenge any unwanted contract term, no matter if those terms have injured them or would imminently do so.  *Cf. Duke Power Co.*, 438 U.S. at 80 ("[W]e have declined to grant standing where the harm asserted amounts only to a generalized grievance shared by a large number of citizens in a substantially equal measure.").  It is thus unsurprising that Plaintiffs can point to no case in which a plaintiff showed injury in fact by conditioning his desired product on a contract term that does not change the product in a "direct, real, and palpable" way, *Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292 (D.C. Cir. 2007).  The arbitration clause here does not do so.

## IV. Conclusion

For all these reasons, the Court will grant Amtrak's Motion to Dismiss, ECF No. 9, and deny Plaintiffs' Cross-Motion for Summary Judgment, ECF No. 10. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: July 31, 2020